IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANHAM FZCO

    Plaintiff

vs.

DEPARTMENT OF HOMELAND SECURITY
245 Murray Lane, SW
Washington, DC 20528-0485

    Defendant.

Case No. 18-cv-2773

**COMPLAINT FOR INJUNCTIVE RELIEF**
(Freedom of Information Act)

Plaintiff ANHAM FZCO brings this action against Defendant, Department of Homeland Security ("DHS") and its component agency U.S. Immigration and Customs Enforcement ("ICE"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges as follows:

## Parties

1. Plaintiff ANHAM FZCO is a Dubai, United Arab Emirates business entity.

2. Defendant DHS is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). Defendant DHS is headquartered at 245 Murray Lane, SW, Washington, DC 20528-0485. Defendant DHS has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request sent to its component agency, ICE.

3. ICE is a component of DHS. ICE is headquartered at 500 12th Street SW, Washington, DC 20536. ICE has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request

## Jurisdiction & Venue

4. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

6. Between about December 2017 and May 2018, ICE's Office of Professional Responsibility ("OPR") conducted an investigation into allegations that Homeland Security Investigations Special Agent John Brusseau contacted a former employee of one of ANHAM FZCO's related companies; told the former employee confidential information about ANHAM FZCO's Finance Director, Mr. Marwan Belbeisi (also known as Marwan AlBalbisi); and asked the former employee to approach Mr. Belbeisi to pass along both promises and threats about official government actions.[1]

7. ANHAM FZCO and Mr. Belbeisi both cooperated in ICE OPR's investigation.

8. On September 18, 2018, Plaintiff and Mr. Belbeisi submitted a FOIA request to ICE seeking records related to the OPR investigation into Special Agent Brusseau's efforts to contact and obtain information from Mr. Belbeisi ("the Request"). The Request included a signed Affirmation/Declaration of Mr. Belbeisi to the extent the Request asked for records maintained by ICE which pertained to him. A true and correct copy of the Request is attached as Exhibit A.

9. Specifically, the Request identified a single category of records: "All documents related to the resolution of the investigation conducted by DHS and led by Special Agent Tarrah Romanoff, Resident Agent in Charge of the Office of Professional Responsibility in Fairfax,

---

[1] Special Agent Brusseau also took similar action regarding a second person, a former employee of ANHAM FZCO. That behavior was also the subject of the OPR investigation.

Virginia, into conduct by Homeland Security Investigations Special Agent John Brusseau related to his efforts to contact and obtain information from Mr. Belbeisi. The investigation was conducted between December 2017 and May 2018." *See* Request, Ex. A.

10. ICE did not reply to this September 18, 2018 email.

11. Between October 1 and October 29, counsel for Plaintiff sent a series of follow up messages to ICE-FOIA@dhs.gov requesting a tracking number for the Request and an acknowledgment of receipt.

12. On October 10, 2018, ICE acknowledged receipt of the "October 10, 2018 Freedom of Information Act (FOIA) request" and indicated that the request "was received in this office on October 10, 2018." It also assigned the Request reference number 2019-ICFO-06961. In its email, ICE also invoked the 10-day extension because the Request purportedly "seeks numerous documents that will necessitate a thorough and wide-ranging search."

13. ICE's October 10, 2018 email response was confusing because Plaintiff did not submit a FOIA Request on October 10, 2018. Rather, it submitted its Request on September 18, 2018.

14. After further exchange of emails, on November 8, 2018, Ms. Maria Bedolla of ICE's FOIA Office responded. Ms. Bedolla stated that ICE "can confirm that the request was first sent on September 18, 2018." She also stated that "document(s) responsive to your request have been located from one of the two offices tasked for review."

15. On November 8, 2018, Plaintiff's counsel responded and asked if it would "be possible for you to begin producing to us the documents you have already located from one of the offices now, and then provide any additional documents later." Receiving no response, Plaintiff's counsel sent a follow-up request a week later.

16. On November 19, 2018, Ms. Bedolla stated that she was still awaiting a response from the ICE OPR office. After an additional email exchange, she stated that ICE could not release the documents currently in her possession because "[u]nfortunately, we have to await for a response from the OPR (Office of Professional Responsibility) in order for your request to then be evaluated by one of our analyst[s]."

17. To date, the Plaintiff has received no further correspondence from ICE related to the Request.

18. ICE has not made a determination on the FOIA Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT I - FAILURE TO COMPLY WITH FOIA

19. Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

20. Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiff has a statutory right to access requested agency records.

21. DHS and ICE have failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii).

22. DHS and ICE have failed to conduct a reasonable search for records responsive to the Request.

23. DHS and ICE have failed to properly respond to Plaintiff's Request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a. Order Defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

b. Order Defendant, by a date certain, to demonstrate that it has conducted an adequate search;

c. Order Defendant, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

d. Enjoin Defendant from withholding the requested records;

e. Award Plaintiff its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

f. Grant Plaintiff such other and further relief as the Court may deem just and proper.

November 27, 2018

Respectfully submitted,

_____
Bruce A. Baird (D.C. Bar No. 267807)
Kevin T. Barnett (D.C. Bar No. 1003410)
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5430
kbarnett@cov.com

ATTORNEYS FOR PLAINTIFF